UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

JOSEPH M. THOMAS,

                          Defendant.

Case No. 23-CR-10-JPS

**ORDER**

---

        Defendant Joseph Thomas ("Thomas") is charged with a single count of knowingly possessing child pornography in violation 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1. On March 22, 2023, with leave of Court, *see* ECF No. 14, Thomas filed a motion to suppress a statement or statements he made during an interview with agents of the Federal Bureau of Investigation (FBI), on the basis that he made the statement after he had requested counsel—in other words, that the statement was acquired in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). ECF No. 13. On May 16, 2023, Magistrate Judge Stephen C. Dries issued a Report and Recommendation ("R&R") granting the motion to suppress. ECF No. 21. Neither the Government nor Thomas have filed any objections to Magistrate Judge Dries's R&R. The Court has carefully reviewed the R&R and adopts it in full.[1]

---

[1] As Magistrate Dries noted, "[a]lthough Thomas does not specify in his motion which statements he seeks to suppress, the government has indicated that it intends to use the challenged statements at trial." ECF No. 21 at 4 n.2; *see also* ECF No. 14.

When reviewing a magistrate's recommendation, this Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, *sua sponte*[,]. . .under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *See id.*; *see also* Fed. R. Crim. P. 59(b).

The Court adopts the facts stated in the R&R, including all statements drawn from the video recording of Thomas's interview with FBI agents, which Magistrate Judge Dries reproduced and referenced throughout the R&R. *See generally* ECF No. 21. The Court briefly summarizes those facts here.

FBI agents linked Thomas to an Internet Protocol (IP) address that was being used to download child pornography, and they later obtained a search warrant to search Thomas's apartment. The FBI arranged for Thomas's state probation officer to instruct Thomas to report to the Community Corrections office in Kenosha, Wisconsin. Thomas was not scheduled to meet with his probation officer for another week, and the real reason for his visit was not disclosed to him. He would have violated the terms of his probation if he had not reported to the Community Corrections office as instructed. While Thomas was at this appointment, his apartment was searched.

When Thomas reported to the Community Corrections office, his probation officer escorted him to a small room where two FBI agents, dressed in plain clothes and with holstered firearms, waited. His probation officer then left and closed the door, leaving Thomas alone with the FBI agents. Thomas was not handcuffed or physically restrained during the interview.

The FBI agents told Thomas that his name had come up in an investigation relating to his online activity and that they wanted to talk to him about it. They stated that Thomas was not under arrest and that they were going to execute a search warrant on his residence. The agents then read Thomas his *Miranda* rights. Thomas said he understood his rights but he was "kind of hesitant [to talk] without any counsel or anything" because "the last time [he] talked to a law enforcement officer it didn't turn out so great for [him]." Over the next two-plus hours, the agents tried repeatedly to convince Thomas to sign a *Miranda* waiver form. They told Thomas that they had found child pornography on his internet, all the evidence pointed to him, and other agents were searching his apartment at that very moment. The agents also repeatedly told Thomas that they just wanted to get his side of the story.

Thomas said he needed to get some advice before talking to the agents, and several times he explicitly mentioned legal counsel. Thomas ultimately declined to sign the waiver form, yet the agents continued to press him to speak. Eventually, Thomas made several incriminating statements. He was arrested at the end of the interview and later indicted by a federal grand jury.

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless

it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444. Accordingly, a suspect in custody who requests counsel "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). "[I]f the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." *Smith v. Illinois*, 469 U.S. 91, 95 (1984).

The Court concurs in Magistrate Judge Dries's findings that (1) Thomas was in custody when the FBI agents interviewed him, (2) Thomas explicitly invoked his right to counsel, and (3) the FBI agents failed to honor Thomas's request for counsel, instead continuing to attempt to persuade him to waive his *Miranda* right to counsel, which Thomas did not do. Accordingly, the Court joins in Magistrate Judge's conclusion that Thomas's statements were made in violation of *Miranda* and therefore must be suppressed.

First, Thomas has sufficiently shown he was "subjected to restraints of freedom such that the conditions of a formal arrest were closely approximated or actually attained" and, consequently, that a reasonable person in his position would not have believed he was free to leave. *United States v. Patterson*, 826 F.3d 450, 455 (7th Cir. 2016) (quoting *United States v. Lennick*, 917 F.2d 974, 977 (7th Cir. 1990)). This analysis requires consideration of "all of the circumstances surrounding the interrogation," including but not limited to "(1) the location of the interrogation; (2) the

duration of the interrogation; (3) any statements made by the suspect during the interrogation; (4) any use of physical restraints during the interrogation; and (5) whether the suspect was released at the end of the interrogation." *Id.* (first quoting and then citing *Howes v. Fields*, 565 U.S. 499, 509 (2012)). Other relevant considerations include

> whether the encounter occurred in a public place; whether the suspect consented to speak with the officers; whether the officers informed the individual that he was not under arrest and was free to leave; whether the individual was moved to another area; whether there was a threatening presence of several officers and a display of weapons or physical force; and whether the officers' tone of voice was such that their requests were likely to be obeyed.

*Id.* (citations omitted).

Magistrate Judge Dries appropriately considered and weighed these factors. Notwithstanding that Thomas was not physically restrained and was told initially that he was not under arrest, the fact that he was not voluntarily present at the Community Corrections office to begin with—he was there because his probation officer told him to be, on penalty of punishment for violating the terms of his probation—strongly supports that Thomas was in custody for purposes of the *Miranda* analysis. ECF No. 21 at 6–8. That FBI agents never informed Thomas that he was free to leave or refuse questioning and further indicated that they had "information suggesting his arrest was a foregone conclusion" also supports a finding of custody. *Id.* at 9–11, 12; *see United States v. Slaight*, 620 F.3d 816, 821–22 (7th Cir. 2010) (finding "the more than likelihood that [the defendant] would be formally placed under arrest if he tried to leave because the government already had so much evidence against him" to support a finding of custody). The interview's duration and physical conditions (in a small room

of the Community Corrections office previously unknown to Thomas) are also relevant. In light of all these factors, Magistrate Judge Dries correctly concluded that Thomas was in custody and subject to interrogation during the interview with FBI agents, and that *Miranda*'s requirement that questioning cease if he invoked his right to counsel had attached. ECF No. 21 at 12.

Second, Magistrate Judge Dries correctly concluded that Thomas explicitly invoked his right to counsel as early as fifteen minutes and again twenty-three minutes into the three-hour interview, after which point the FBI agents should have stopped questioning him. *Id.* at 12–20. The rule expressed in *Miranda* requires the Court to first "determine whether the accused actually invoked his right to counsel." *Smith*, 469 U.S. at 95 (citations omitted). To effectively invoke the right to counsel such that law enforcement are required to cease questioning requires the suspect to make a clear statement to that effect; ambiguous or equivocal statements are insufficient. *United States v. Wysinger*, 683 F.3d 784, 793–94 (7th Cir. 2012). "In determining whether a suspect clearly invoked his or her right to counsel, we consider the circumstances in which the statement was made as well as the words employed." *Id.* (citations omitted). This is an objective standard, requiring the suspect to communicate his desire for counsel "sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994).

Magistrate Judge Dries separately examined each of the nine statements Thomas proffered as expressions of his desire for counsel, and concluded that the following two statements would have alerted any reasonable officer in the circumstances that questioning needed to cease:

Page 6 of 9

Case 2:23-cr-00010-JPS    Filed 06/05/23    Page 6 of 9    Document 22

- "I'd really, really like to . . . get some counsel before we go forward." ECF No. 21 at 17 (quoting video recording of interview at 15:43–16:02)
- "I need legal representation." *Id.* at 18–19 (quoting video recording of interview at 23:57–25:05).

The Court agrees that an invocation of the right to counsel cannot get much clearer than statements such as these, and further agrees with Magistrate Judge Dries's dismissal of the Government's arguments to the contrary. *Id.* at 17–19. The Court further agrees that two other statements Thomas made, when considered alongside the two unambiguous statements, reaffirmed Thomas's prior invocations and further put the FBI agents on notice that Thomas was requesting counsel:

- "I would really, really like to get somebody to help me out, on my side, . . . so we can . . . cross the t's and dot the i's." ECF No. 21 at 18 (quoting video recording of interview at 21:05–21:52)
- "Talking without any counsel at all is not going to do me any good." *Id.* at 19–20 (quoting video recording of interview at 54:05–55:30).

Considering that a reasonable officer would have heard Thomas invoke his right to counsel at least twice and as many as *four* times, the Court sees no error in Magistrate Judge Dries's determination that Thomas's incriminating statements thereafter were attained in violation of *Miranda* and *Edwards*. *Id.* at 21.

Finally, Magistrate Judge Dries correctly determined that, after making these statements, Thomas should not have been subjected to further questioning. *Id.* at 21–24. After a clear request for counsel, interrogation must cease "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards*, 451 U.S. at 484–85. "A suspect initiates conversation if he makes a statement that 'evince[s] a willingness and a desire for a generalized discussion about the

investigation.'" *United States v. Robinson*, 586 F.3d 540, 545 (7th Cir. 2009) (quoting *Oregon v. Bradshaw*, 462 U.S. 1039, 1046 (1983)). "Initiation alone, however, does not necessarily constitute a waiver of the suspect's right to counsel." *United States v. Key*, 162 F. Supp. 3d 674, 684 (N.D. Ill. 2016) (citing *Robinson*, 586 F.3d at 545). "The suspect's waiver must also be knowing[] and voluntary, under the totality of the circumstances, before law enforcement agents engage in any interrogation." *Id.* (citation and quotation marks omitted).

As Magistrate Judge Dries determined, any continuation of the interview was at the insistence of the FBI agents, not Thomas. ECF No. 21 at 21–22 ("[T]he government merely alleges—without any support in the record before me—that Thomas reinitiated communication with the agents."). Moreover, regardless of who continued the interview, Thomas never knowingly or voluntarily waived his right to counsel. Even if the agents' conversation tactics did not constitute interrogation *per se*, they pressured him to sign a form waiving his *Miranda* right to counsel; Thomas declined to do so. The Court agrees that this "suggests that Thomas 'simply succumbed to badgering' when he eventually provided incriminating information to the agents." *Id.* at 23 (quoting *United States v. Allegra*, 187 F. Supp. 3d 918, 926 (N.D. Ill. 2015)). Magistrate Judge Dries correctly found that Thomas himself did not initiate further discussion with the agents, that Thomas's statements after clearly invoking his right to counsel were therefore presumptively involuntary, and that the Government failed to overcome that presumption by demonstrating that Thomas waived his right to counsel. *Id.* at 23 (quoting *Allegra*, 187 F. Supp. 3d at 926–27 and *Smith*, 469 U.S. at 95).

Page 8 of 9

Case 2:23-cr-00010-JPS   Filed 06/05/23   Page 8 of 9   Document 22

Based on the foregoing, the Court finds it appropriate to adopt Magistrate Judge Dries's R&R and grant Thomas's motion to suppress statements attained after he invoked his right to counsel during the interview with FBI agents (whatever those statements may be, *see supra* n.1).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation, ECF No. 21, be and the same is hereby **ADOPTED in full**; and

**IT IS FURTHER ORDERED** that Defendant Joseph M. Thomas's motion to suppress, ECF No. 13, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge