UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 23-CR-10-JPS

    v.

JOSEPH M. THOMAS,

        Defendant.

---

## THE UNITED STATES' MEMORANDUM IN SUPPORT OF SENTENCING

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, Megan J. Paulson, Assistant United States Attorney, and William G. Clayman, Trial Attorney for the United States Department of Justice, hereby submits this memorandum for the Court's consideration in sentencing the defendant, Joseph M. Thomas ("Thomas"). For the reasons stated below, the United Sates respectfully requests that the Court sentence Thomas to a term of imprisonment within the 188-to-235-month range recommended by the United States Sentencing Commission's Guidelines ("Guidelines"), as set forth in the presentence investigation report. *See* ECF No. 52 ("PSR").

### I.      FACTUAL BACKGROUND

The Court is by now familiar with the facts and circumstances of this case, which were highlighted in the evidence presented at trial and are documented in the PSR. Those facts will therefore not be repeated in full here. To summarize: after being convicted in 2011 of the repeated sexual assault of a prepubescent child in Kenosha County, Thomas was incarcerated until March 2017, at which time he was released from state custody and began a ten-year term of extended

supervision while living in Kenosha. Within just a few months of his release, he downloaded an internet-based peer-to-peer program, which he used to search for, download, possess, and view material depicting minors engaged in sexually explicit conduct. He engaged in this and similar conduct using multiple peer-to-peer programs and the internet through approximately 2021, all while trying to wipe evidence of this activity from his computers. On November 16, 2021, law enforcement searched his apartment pursuant to a warrant and seized his electronic devices, an examination of which uncovered evidence of his crimes. That same date, Thomas was arrested and placed in state custody for violating the terms of his extended supervision associated with his prior conviction. A federal grand jury then returned a superseding indictment charging him with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Thomas proceeded to trial and was found guilty by a federal jury on October 16, 2023.

II.      THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government submits that a term of imprisonment within the Guidelines range of 188-235 months, as calculated in the PSR, *see* PSR ¶¶ 23-40, 92, is appropriate and would best comport with the statutory goals of sentencing, including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See* 18 U.S.C. § 3553(a)(2)-(6). The government further submits that this term of incarceration should run consecutively to Thomas's term of imprisonment for his probation violation in Kenosha County, as recommended by the Guidelines. *See* U.S.S.G. § 5G1.3, cmt. n.4(C) (recommending that, where defendant had state probation revoked, "the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation").

As an initial matter, the PSR correctly applies the Guidelines to the facts of this case and accurately calculates Thomas's sentencing range as 188-235 months. PSR ¶ 92. While Thomas argues that several specific-offense enhancements applied in the PSR also apply in many other cases and should therefore discounted, *see* ECF No. 54 at 4-5, the fact that these enhancements apply frequently does not mean the Court must ignore them here, *see United States v. Oberg*, 877 F.3d 261, 265 (7th Cir. 2017). The use-of-a-computer enhancement under U.S.S.G. § 2G2.2(b)(6), for example, was "likely adopted precisely because computers are so often used in child pornography crimes," which "dramatically increase[s] the ease with which offenders can amass and index large collections of videos and images, and then easily share them." *United States v. Holland*, 799 F. App'x 380, 385 (6th Cir. 2020). And in this case, Thomas's use of a peer-to-peer program to search for and obtain child pornography—something that he could only do through the use of a computer—"abet[ted] the availability of child pornography and contribute[d] generally to the growth of this illegal market." *United States v. Roberts*, 463 F.Supp.3d 860,863-65 (N.D. Ind. 2020) (finding § 2G2.2(b)(6) enhancement had "meaningful basis" where defendant possessed child pornography obtained via a peer-to-peer program). Additionally, the pattern-of-activity enhancement under § 2G2.2(b)(5) properly applies here because Thomas repeatedly sexually abused a six-year-old. *See* ECF No. 37-1 (Thomas's stipulation to this conduct); *see also* PSR ¶ 39. To the extent he believes this enhancement should be discounted because his sexually abusive conduct occurred years ago, *see* ECF No. 54 at 5, it should be noted that he was incarcerated for many of those intervening years and was therefore unable to sexually exploit children during that timeframe. *Cf. United States v. Tennison*, 445 F. App'x 876, 877 (7th Cir. 2011) (observing that "no temporal or qualitative limitation appears in" § 2G2.2(b)(5) and citing cases).

A within-Guidelines sentence is also appropriate here based on the sentencing considerations in 18 U.S.C. § 3553(a). As the Court can conclude from the evidence introduced at trial and the PSR, Thomas is a dangerous offender who sexually exploited a vulnerable, prepubescent minor and who has a history of recidivism. He likewise has a history of inadequately addressing his sexually abusive behavior, *see* PSR ¶ 75, and there is little reason to believe he will do so now. And while the PSR contains a lengthy recitation of his mental health history—including a recent diagnostic report from October 2023 that contains alarming revelations about his thought processes, his personality, and his potential malingering, *see* PSR ¶ 70—nothing about this history explains or justifies his conduct. Indeed, while Thomas seeks to blame his conduct on his mental health, he provides no evidence to bridge the gap between his mental condition as described in the October 2023 report and his conduct of conviction. *See* ECF No. 54 at 3-4. Nothing in the medical reports described in the PSR suggests that an individual with Thomas's mental profile is more prone to committing child-exploitation crimes, nor does Thomas provide any evidence for his proposition that "extreme[] isolate[ion]" can compel someone to seek out and view child pornography. *Id.* And even if he is correct in his suggestion that he cannot be deterred from sexually exploiting minors or seeking out child pornography, *see id.* at 4, such a suggestion is extremely concerning and militates against his sentencing recommendation and in favor of the government's.

III. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a within-Guidelines sentence to be served consecutively to any term of incarceration he serves in connection with the revocation of his state probation. This sentence will be sufficient, but not greater than necessary, to the further the objectives in 18 U.S.C. § 3553(a).

Respectfully submitted this 30th day of January, 2024.

GREGORY J. HAANSTAD
United States Attorney


By:   s/ *Megan J. Paulson*
    Megan J. Paulson
    Wisconsin State Bar No. 1035076
    Assistant United States Attorney
    Office of the United States Attorney
    Eastern District of Wisconsin
    517 East Wisconsin Avenue, Room 530
    Milwaukee, WI 53202
    Telephone: (414) 297-1700
    Fax: (414) 297-1738
    Email:  Megan.Paulson@usdoj.gov


By:   s/ *William G. Clayman*
    William G. Clayman
    D.C. Bar No. 1552462
    Trial Attorney
    U.S. Department of Justice
    1301 New York Avenue, NW
    11th Floor
    Washington, DC 20005
    Telephone: (202) 514-0040
    Email:  William.clayman@usdoj.gov